UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH ERIC THOMPSON,

      Plaintiff,                                Case No. 05-CV-40293

vs.                                            HONORABLE PAUL V. GADOLA
                                                    MAGISTRATE JUDGE STEVEN D. PEPE

MICHIGAN DEPARTMENT OF CORRECTIONS, et al

      Defendants.
_____/

OPINION AND ORDER REGARDING PLAINTIFF'S MOTION
FOR AMENDING THE COMPLAINT (#6)

Plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed this action under 42 U.S.C. §1983, alleging that defendants violated his constitutional rights. On October 18, 2005, plaintiff filed this motion. This motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. §636(b)(1)(A). For the following reasons, IT IS ORDERED that Plaintiff provide this Court with a proposed amended complaint (with proposed changes clearly marked).

**Opinion**

The 1938 Federal Rules of Civil Procedure liberalized earlier pleading requirements. Detailed fact pleading is no longer required given the liberal discovery rules. In addition, Fed.R.Civ.P. 8(a) eliminated the concept of "cause of action"[1] and requires only statement of a claim. While it is commonplace to plead every legal "count" or cause of action justifying an

---

[1] *See* Advisory Committee's 1955 Report Note to Rule 8(a)(2), quoted and discussed in Wright & Miller, *Federal Practice and Procedure Civil 2d* § 1201 & n. 11 (1969).

asserted claim, this is not necessary, and indeed has been criticized. *Gins v. Mauser Plumbing Supply Co.*, 148 F.2d 974 (2d Cir. 1945)(requiring only a simple statement regarding the sequence of the events which have transpired, coupled with a direct claim by way of a demand for judgment). Therefore, the additional claims Plaintiff wishes to add may not be necessary if the present claims and facts he has pled describe his cause of action in sufficient detail to give rise to the relief he seeks.

Further, under Fed. R. Civ. P. 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . A party shall plead in response to an amended pleading . . . within 10 days after service of the amended pleading, . . . unless the court otherwise orders." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because Defendants have not yet filed an answer Plaintiff may be entitled to amend his complaint. Yet, a plaintiff in a case covered by the Prison Litigation Reform Act may not amend his complaint to avoid a *sua sponte* dismissal (*Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002)), and leave to amend may always be denied if the proposed amendment is futile (*Foman*, *supra*, 371 U.S. at 182).

Due to the fact that Plaintiff failed to submit a copy of his proposed amended complaint with his motion in accordance with E.D. MICH. L R 15.1, or fully explain in his motion how he wishes to amend his complaint, the undersigned cannot make a determination on Plaintiff's motion for leave to amend. Accordingly, Plaintiff is ordered to submit his proposed amended complaint within ten days from the date of this Order so that the Court may determine whether the proposed amendment(s) can be allowed. Plaintiff's proposed amended complaint shall be

clearly marked to delineate where changes have been proposed to be made from the original complaint.

Accordingly, IT IS ORDERED that Plaintiff shall submit a pleading titled "proposed amended complaint" within fourteen days of the date of this order, with all proposed changes clearly delineated, or this motion will be deemed dismissed.

SO ORDERED.

Dated: December 8, 2005  s/Steven D. Pepe
Ann Arbor, Michigan  United States Magistrate Judge


Certificate of Service

I hereby certify that a copy of this Order was served upon the Plaintiff by U. S. Mail on December 08, 2005.

s/William J. Barkholz
Courtroom Deputy Clerk