# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**KEITH ERIC THOMPSON,**

    Plaintiff,

                                                        **Civil Action No. 05-40293**

vs.                                                   **HONORABLE PAUL V. GADOLA**
                                                   **HONORABLE STEVEN D. PEPE**

**MICHIGAN DEPARTMENT**
**OF CORRECTIONS, et al.,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Keith Eric Thompson is a prisoner in the custody of the Michigan Department of Corrections (MDOC). On September 15, 2005, he filed this action under 42 U.S.C. §1983 against 94 defendants in their official and individual capacities. All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A),(B). Plaintiff filed motions to proceed *in forma pauperis*, for service by the United States Marshal, for leave to amend his complaint, and to reinstate action previously dismissed (Dkt. ## 2, 3, 6, & 13). For the reasons stated below, it is RECOMMENDED that Plaintiff's complaint be DISMISSED for failure to exhaust his administrative remedies pursuant to 42 U.S.C §1997e(c)(1) and all pending motions be DISMISSED AS MOOT.

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). In cases governed by the provisions of §1997e, the prisoner bears the burden of establishing exhaustion of administrative

remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Prisoners within the Michigan Department of Corrections must go through a three-step grievance process. MDOC Policy Directive 03.02.130. Plaintiff attached 10 legible and 6 illegible grievance forms to his complaint in support of the allegation that he had exhausted his administrative remedies. In the legible grievances Plaintiff referred to 18 of the named defendants[1] – Plaintiff failed to implicate the remaining 76 defendants.

In order for "a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003); *see also, Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001)(Grievances filed in an attempt to exhaust administrative remedies must name the individual subjects of the grievances so prison officials can address the claims before a suit is brought in federal court.).

---

[1]Defendants Caruso, Gundy, Pelton, McCarrey, Nicewander, Smith, Kartes, Fink, Wiggins, King, Dunford, Murphy, Baker, Kilpatrick, Froelich, Jennsen, Swickley and Bookhiemer.

2

In *Jones-Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005) the Sixth Circuit adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. Under this rule, a complaint which contains both exhausted and unexhausted claims must be dismissed in its entirety without prejudice for failure to exhaust administrative remedies. District courts no longer have the option of dismissing the unexhausted claims and proceeding with the claims that have been submitted through the grievance process. A prisoner whose complaint containing both exhausted and unexhausted claims has been dismissed may bring forth each exhausted claim one at a time, at potentially greater expense to himself, or wait until all claims are exhausted and then bring them together in one action. *Id.* at 808.

Failure to demonstrate exhaustion *with the complaint* will result in dismissal for failure to state a claim. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). The District Court may dismiss the complaint on its own initiative for failing to conform with 42 U.S.C. § 1997e(a); *see Baxter* at 489. Further, *Baxter* prohibits prisoners from amending their complaint to cure a defect such as a failure to plead exhaustion and requires *sua sponte* dismissal for such a failure. *Id.* at 488-489.

For this reason it is RECOMMENDED that Plaintiff's complaint be DISMISSED for failure to exhaust his administrative remedies pursuant to 42 U.S.C §1997e(c)(1) and the pending motions be DISMISSED AS MOOT.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.  Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.  A party may file a reply brief within 5 days of service of a response.  The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: April 17, 2006　　　　　　　　　　　　　　　s/Steven D. Pepe  
Ann Arbor, Michigan　　　　　　　　　　　　　　　United States Magistrate Judge

### Certificate of Service

I hereby certify that a copy of this Report and Recommendation was served upon the Plaintiff by U. S. Mail on April 17, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　s/William J. Barkholz  
　　　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk

4