UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN


KEITH ERIC THOMPSON,
                    Plaintiff


        v.                                        NO. 2:05-CV-40293

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al,*.                    DISTRICT JUDGE STEPHEN J. MURPHY, III
                    Defendants                MAGISTRATE JUDGE STEVEN D. PEPE
_____/


**ORDER DENYING THE MOTIONS TO DIRECT THE U.S. MARSHALS TO EFFECT SERVICE (DKTS. ## 33 & 36), DENYING THE MOTIONS FOR APPOINTMENT OF COUNSEL (DKTS. ## 34 & 35) AND ORDER TO SHOW CAUSE**

        Plaintiff, Keith Eric Thompson, is presently incarcerated by the Michigan Department of Corrections ("MDOC").  On September 24, 2008, the Court granted Plaintiff's motion to amend his complaint ordering him to file a concise complaint consistent with the order.   Plaintiff has failed to file an amended and concise complaint.

        On January 27, 2009 and March 2, 2009, Plaintiff filed motions requesting the U.S. Marshal to serve the complaint on the Defendants.  Because of Plaintiff's failure to provide the court with an amended complaint, there does not exist a complaint to be served.  Accordingly, Plaintiff's motions are **DENIED**.

        On the same dates, Plaintiff filed motions to appoint counsel based on his incarceration status, lack of education and inability to afford an attorney.  Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. *See also Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).  Such an appointment of counsel "is a

1

privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).  In determining whether such exceptional circumstances exist, a court should consider the type of case involved; the abilities of the plaintiff to represent himself, especially in light of the complexity of the factual and legal issues; and whether the *pro se* litigant's claims are frivolous or have an extremely slim chance of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).  But because an amended complaint has not been filed, it is unclear at this time whether such exceptional circumstances exist.  If, upon review of an amended complaint, it appears that Plaintiff cannot represent himself, the factual and legal issues are complex and there is a likelihood of success, then the court will revisit the request.  Plaintiff may renew his motion for appointment of counsel at that time. **IT IS ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED**.

In addition, Plaintiff is required to comply with this Court's September 24, 2008, Order on or before Wednesday, March 25, 2009, by filing an amended complaint which clearly demonstrates a cause of action in accordance with the requirements indicated in this Court's September 24, 2008, Order.  Failure to comply with this Court's September 24, 2008, Order or the present Order will result in the undersigned preparing a Report and Recommendation that this case be dismissed.

**SO ORDERED.**

2

s/Steven D. Pepe                                   
United States Magistrate Judge

Dated:  March 13, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 13, 2009.

s/V. Sims                                       
Case Manager