UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH ERIC THOMPSON,

       Plaintiff,                           CIVIL ACTION NO. 05-40293

       v.                                  DISTRICT JUDGE STEPHEN J. MURPHY III

MICHIGAN DEPARTMENT         MAGISTRATE JUDGE MARK A. RANDON
OF CORRECTIONS, ET AL.,

       Defendants.
_____/

**OPINION AND ORDER DIRECTING SERVICE
OF AMENDED COMPLAINT (DKT NO. 49) UPON CERTAIN
DEFENDANTS AND DENYING LEAVE TO AMEND IN PART**

**I. INTRODUCTION**

On September 15, 2005, Plaintiff Keith Eric Thompson, a former Michigan Department of Corrections prisoner, filed this *pro se* civil rights complaint alleging violations of his constitutional rights.[1] Presently before the Court is Plaintiff's latest attempt to file an amended complaint ("Plaintiff's Amended Complaint"). Plaintiff's Amended Complaint is in response to previous Orders of Magistrate Judge Pepe (Dkt. Nos. 10, 31) and the undersigned. (Dkt. Nos. 43 and 44)[2] This case has been pending without service for more than four years, and Plaintiff's Amended Complaint contains some plausible claims against certain defendants that should

---

[1] Plaintiff was released from MDOC custody on August 26, 2009. (Dkt No. 48)

[2] Plaintiff has a pending objection to this order. (Dkt. No. 45)

proceed.  Therefore, as set forth below, Plaintiff's Amended Complaint is accepted as to those claims that provide sufficient grounds for entitlement to relief, and the Marshal Service Office is directed to effectuate service upon certain named defendants.  However, Plaintiff's remaining claims are unsustainable; leave to amend those claims is denied and the claims are stricken.

**A.  Procedural History**

This case has a lengthy procedural history yet remains unserved.  Plaintiff's initial complaint, with attachments, exceeded 300 pages in length.  (Dkt. No. 31)  Therefore, it was deemed "unmanageable" by Magistrate Judge Pepe.  On October 18, 2005, Plaintiff filed a motion to amend his complaint without attaching a copy of the proposed amended complaint.  (Dkt. No. 6)  Therefore, Plaintiff was ordered to provide a copy of the proposed amended complaint within ten days.  (Dkt. No. 10)  Plaintiff did not comply with the court's order until March 22, 2006 (Dkt. No. 14); however, the motion was denied as moot after Plaintiff's entire lawsuit was dismissed *sua sponte* for failure to exhaust administrative remedies.  (Dkt. # 16)  The Sixth Circuit vacated this dismissal and reinstated the case in light of *Jones v. Bock*, 127 S. Ct. 910 (2007).

After the case was reinstated, Magistrate Judge Pepe conducted an extensive review of Plaintiff's voluminous pleadings and reasonably distilled this case to five potentially viable claims.  Magistrate Judge Pepe then ordered Plaintiff to file another amended complaint including these five claims, and any others that could be factually supported.  (Dkt. No. 31)  On May 27, 2009, Plaintiff filed a Proposed Amended Complaint that did not comply with

Magistrate Judge Pepe's Order. (Dkt. No. 40) Plaintiff later claimed that he failed to receive a copy of this order, because "defendants" were interfering with his mail. (Dkt. Nos. 39 and 41)

On July 22, 2009, this matter was reassigned from Magistrate Judge Pepe to the undersigned, and on July 28, 2009, a third order was entered requiring Plaintiff to submit a proposed amended complaint that complied with Magistrate Judge Pepe's previous order by August 31, 2009. At that time, Plaintiff was provided with a copy of Magistrate Pepe's Order and a copy of the docket history. Plaintiff subsequently moved for an extension of time to file an amended complaint. Plaintiff's motion was granted, and the deadline was extended until September 28, 2009. However, Plaintiff filed the Amended Complaint that is the subject of this Order on August 31, 2009.

## II. DISCUSSION

Under Fed. R. Civ. P. 15(a), "[a] party may amend the its pleading once as a matter of course: (A) before being served with a responsive pleading." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Since defendants have not yet been served, much less filed an answer, Plaintiff may be entitled to amend his complaint. However, a plaintiff in a case covered by the Prison Litigation Reform Act ("PLRA") may not amend his complaint to avoid a *sua sponte* dismissal (*Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002)), and leave to amend may always be denied if the proposed amendment is futile (*Foman*, *supra*, 371 U.S. at 182); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000)(A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss.).

In deciding whether or not a complaint fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court recently explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at

1950.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . .  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).  Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A.  Plaintiff failed to comply with E.D. Mich. L.R. 15.1

At the outset, it should be noted that Plaintiff's Amended Complaint fails to comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a matter of course or on a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate a prior pleading by reference. . . ."  E.D. Mich. L.R. 15.1. Plaintiff has not received leave to incorporate prior pleadings by reference in his Amended Complaint.  Therefore, the examination of Plaintiff's Amended Complaint is limited to its four corners – without reference to, or incorporation of, any prior pleadings.  Plaintiff's Amended Complaint is fully restated below.

### B.  Plaintiff's Amended Complaint Allegations

> **Volume 1 Claim 1**
>
> Paragraph 4 under M.C.L. 600.5503 Defendant(s) former director W.S. Overton, Director P. Caruso, Prison Affairs M. Powell, J Armstrong, Standish Correctional Facility Warden T. Birkett, M. Mahony, R.N. K. Wright, Terry Malloy, M. Horton, Sgt. Piche, Oaks Correctional Facility Former Warden D. Gundy, R. Sharp, M.E. McDonald, S. Pelton, indictment allege a pattern of predicated acts states a substantive due process claims of violation of plaintiff's first and fourteenth amendment under 18 U.S.C.A. § 1961 Racketeer Influenced and Corrupt Organization act. [T]hroughout claims in this lawsuit by using the prison grievance procedure establish protected right when defendants:
> > 1) aid and abetted in fraudulent concealment of claims when they fail to exercise them duties as part of the respondant(s) to;
> > > a) take corrective action for performance problems or investigate as require to do so by the MDOC agency policy 03.03.130.
> > 2) By defendant(s) failure to take proper security precaution in accordance with the agency employee

>   > handbook work rules 31 and employee discipline policy
>   > 02.03.100.  Plaintiff was subjected to repeated or
>   > retaliatory offenses not limit to Humane treatment and
>   > Living condition under MDOC agency policy 03.05.130
>   > that included
>   >   > a) Claim 3. Medical repeated neglect of serious
>   >   > medical needs or denial effected by injury resulted
>   >   > by misstreatment medical malpractice.
>   >   > b) Claim 4. Excessive use of force against an
>   >   > offender.
>   >   > c) Claim 5. Medical denial serious
>   >   > medical needs.
>   >   > d) Claim 6. Mail fraud
>   >   > e) Claim 7. Embezzlement (MCL 767.61)
>   >   > f) Claim 8. Denial Access to Court
>   >   > g) Taken sealing/destruction of property

In light of the standard of review stated above, "Volume 1 Claim 1" of Plaintiff's Amended Complaint contains precisely the type of legal conclusions that are not entitled to the "presumption of truth." *Ashcroft,* 129 S. Ct. at 1949 (2009).  Therefore, as to this claim, Plaintiff's Amended Complaint is futile; leave to amend is denied and the claim stricken.

>   **Volume 3 Claim 3**
>
>   Paragraph 3.4.5.6.7.8.9. States a claim against defendant Tarun K.
>   Sharma of violations of plaintiff's Eighth Amendment rights for
>   deliberate indifference incorporation of his Fourteenth Amendment
>   substantive due process which "shocks the conscience: when
>   defendant engage in unconsented surgical proceeding while
>   plaintiff was under an anesthetic resulting in injury of a cover up
>   of a bullet lead employees had placed in his food he had
>   swallowed in lodged in his stomach an attempt to hold as evidence.
>   When the only treatment plaintiff had consented to was scoping
>   [e]xamining of his stomach.  Plaintiff sustain injuries of : Multiple
>   erosion, antral gastritis problems/symptoms of burning in right side
>   large intestine, gurgling/bubbling in stomach, loss of
>   consciousness "passout" after eating or bowel movement.

>Defendant Tarun K. Sharma was deliberate indifference when he
>1) fail to exercise the degree of care under the law of negligence
>the conduct demand of a person in a given situation.
>2) the person giving attention both to possible dangers, mistakes
>and to ways of ensuring that these risks do not materialize.
>
>Paragraph 14-15 incorporation of defendant Tarun K. Sharma,
>defendant(s) Nurse Baily, Nurse Easterle, practitioner T. Shafer
>while plaintiff was confine at Standish Correctional Facility was
>deliberate indifference to plaintiff serious medical needs in
>violation of his First Amendment Eighth Amendment and
>Fourteenth Amendment rights when defendants fail to carry out
>medical instructions and recommendations medically prescribe
>after the surgical proceeding.
>
>Paragraph 16-145 Plaintiff states First Amendment, Eighth
>Amendment and Fourteenth Amendment against defendants(s)
>physician asst. Torsky, R. Kilpatrick, Brinard, R. Crompton,
>Dougherty, A. Young, C. Froelich, V. Jenson, A. Briske, D.
>Swickley, joining Westshore Hospital physician Malinda Bell, to
>delay denied and/or interfered with essential medical treatment for
>serious medical needs malicious acts of gross negligence
>indictment allege pattern of predicated acts. (RICO)

With the exception of "Paragraph 16-145," "Volume 3 Claim 3" of Plaintiff's Amended Complaint sets forth enough facts to state a viable claim for relief. Therefore, service of Plaintiff's Amended Complaint will be effectuated on those defendants named therein. Leave to amend Paragraph 16-145 is denied as futile and it will be stricken as conclusory. Thus, any defendant named in this section shall *not* be served.

### Volume 4 Claim 4

>Paragraph 31-110 Plaintiff state violations of his First Amendment
>Eighth Amendment and Fourteenth Amendment against
>defendant(s) John Does at Standish Correctional Facility, Smith,
>Kartes, Baker, Slaughter, Sgt. Nicewander, RN. V. Jensen allege

> assaults deliberate indifference failure to provide adequate medical care for serious medical needs
> Issue I. Assault by John Doe defendants for December 28, 2008 incident at SMF
> Issue II. Assault by Smith and Kartes for August 2, 2003 incident at ECF
> Issue III. Assault by Defendants Baker and Slaughter (aiding and abetting) for an alleged March 6 2004 incident at ECF and a substantive due process issue against Defendant Slaughter for aiding the assault by blocking the camera and a substantive due process claim against St. Nicewander
> Issue IV. Deliberate indifference Eighth Amendment issue against Nurse V. Jensen and Sgt. Nicewander for failing to provide adequate medical care for plaintiff's medical need on March 6, 2004, and a substantive due process issue Sgt. Nicewander for taking actions to cover up the assault and seriousness of plaintiff's injuries;
> Issue V.  Assault by Defendant Baker for an alleged October 26, 2004 incident at ECF and a misconduct ticket by Defendant Baker written in retaliation for Plaintiff's attempts to hold him accountable for the alleged March 6, 2004 assault.

"Volume 4 claim 4" of Plaintiff's Amended Complaint provides sufficient facts to state a viable claim for relief.[3]  Therefore, service will be directed upon any defendant named therein.

Accordingly, for the reasons set forth above, **IT IS ORDERED** that the clerk shall immediately process Plaintiff's Amended Complaint (Dkt. No. 49) and issue the appropriate document for the United States Marshal service to effectuate service upon *only* the following defendants who are or were employees at the Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, Michigan 49660:

---

[3] These were the five claims Magistrate Judge Pepe deemed viable in his Opinion and Order. (Dkt. No. 31)

1. TARUN K. SHARMA

2. BAILY (NURSE)

3. EASTERLE (NURSE)

4. T. SHAFER (PRACTITIONER)

5. SMITH (PRISON GUARD)

6. KARTES (PRISON GUARD)

7. BAKER (PRISON GUARD)

8. SLAUGHTER

9. NICEWANDER (SERGEANT)

10. V. JENSEN (REGISTERED NURSE)

The Marshal Service may collect the usual and customary costs from the Plaintiff after effectuating service.

SO ORDERED.

S/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated: November 18, 2009

Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 18, 2009, by electronic and/or ordinary mail.

S/Barbara M. Radke
Judicial Assistant, (313) 234-5540